30971. WAYS & MEANS FOR THE BLIND, INC. et al. v. SMITH et al.

UNDERCOFLER, Presiding Justice.

Essentially this suit is between the Ways & Means For The Blind, Inc., and the Jewell McManus Smith Trust. The other parties are or were officers or trustees of these two entities. The principal individuals that need to be identified here are Hubert H. Smith, now deceased, his son H. E. Smith who died in 1972, and his son Hubert Hollis Smith, who is a defendant-appellee. Jewell McManus Smith is H. E. Smith's widow. Both were blind. In 1933 H. E. Smith organized the Ways & Means For The Blind, Inc., a nonprofit corporation to assist the blind. In March 1950, Hubert H. Smith established the Jewell McManus Smith Trust. Jewell McManus Smith was designated the life beneficiary with remainder to two grandsons, one of whom is Hubert Hollis Smith. In November 1950, Hubert H. Smith, as life tenant, and H. E. Smith, as remainderman, conveyed to the trust four tracts of land described briefly as tract No. 1 containing 11.3 acres, tract No. 2 containing 50 acres, tract No. 3 containing 90 acres, and tract No. 4 containing 165 acres. In 1951 the trust conveyed tract No. 2 containing 50 acres to the corporation for a stated consideration of $3,000. The corporation developed tract No. 2 and presumably

other land into a subdivision known as Smithfield. The corporation's financial statement for the period ending October 1952 indicates that Smithfield Subdivision had on hand seven houses valued at $100,000 and 55 lots valued at $82,500. In addition it held in Smithfield an additional 276 acres remaining to be subdivided valued at $157,500. The statement also indicates notes receivable in excess of $300,000 for real estate sold. In 1955 the trust conveyed to the corporation tracts No. 1, No. 3, and No. 4. In 1960 the corporation sold tract No. 1 for $6,500, and in 1962 it sold tract No. 4 for $40,000. In 1962 the corporation conveyed tract No. 3 to Francis M. Smith and Hubert Hollis Smith, who are also the remaindermen of the Jewell McManus Smith Trust, for a stated consideration of $1,000. From 1950 until his death in 1972 H. E. Smith appears to have been in complete control of the corporation as president, and of the trust as one of the trustees until approximately 1968 when Hubert Hollis Smith replaced him as a trustee. He had power of attorney from the corporation to buy and sell real estate in its name among other things. He drew no salary from the corporation but it paid all of his living expenses. In 1952 the corporation had a net worth of approximately $750,000. In March 1950, the corporation began paying the trust $300 per month by check. The amounts were increased from time to time to $500 per month in 1971. The trust did not retain these funds but deposited an identical amount each month in the corporation's general expense bank account. In December 1971, the corporation transferred to the trust $100,000. These funds were deposited in a savings and loan association which paid $500 per month interest to the trust. The trust in turn deposited an identical amount of $500 per month in the corporation's bank account as it had done with the monthly payments previously received from the corporation. H. E. Smith died in December 1972, and it appears that the trust thereafter ceased depositing these monthly amounts to the corporation account. The total amount of funds received by the trust and deposited to the corporation account from 1950 through 1972 was $103,143. The Internal Revenue Service penalized the corporation $10,000 on the $100,000 transfer as a taxable

expenditure under 26 USC § 4945 (a) (1). In 1974 the corporation filed the instant suit against the trust to recover the $100,000 and the $10,000 penalty. The trust counterclaimed asserting that it was entitled to the $100,000 the $103,143 deposited with the corporation monthly from 1950-1972, and the value of certain real estate conveyed to the corporation for which it was not paid. The matter was referred to an auditor. After hearings he concluded the counterclaim was barred by the statute of limitation. He concluded that judgment should be entered in favor of the corporation for $110,000. The trial court on exceptions disagreed with the auditor. It found the corporation was an implied trustee for the Jewell McManus Smith Trust. It entered judgment in favor of the trust for the $100,000 already transferred to the trust, $103,143 for monthly payments made to the corporation from 1950—1972, and $49,500 for the value of tracts No. 1, No. 2, and No. 4 conveyed to the corporation by the trust in 1951 and 1955. This appeal followed. *Held:*

1. We agree with appellants that an officer and director can not misappropriate a corporation's assets. However, a corporation may become an implied trustee of property to which it holds title where the beneficial interest is in another from the payment of the purchase money or other circumstances. *C. & S. Nat. Bank v. Ellis,* 171 Ga. 717 (156 SE 603) (1930). Here H. E. Smith for a period of approximately 20 years had complete authority and control over the corporation and trust. The other officers, directors and trustees were quiescent. As a matter of fact the evidence shows the officers and directors of the corporation rarely met. Mr. Smith had a comprehensive power of attorney from the corporation to transact its business. There were transfers of property from the trust to the corporation and vice versa without any payment. J. Curtis Moore testified that all transactions between the corporation and the trust were "paper transactions." Although some members of this court might have reached different conclusions than the trial judge, it is our opinion that the trial court's judgment is authorized by the evidence.

2. The counterclaim of the trust was not barred by

laches. *C. &. S. Nat. Bank v. Ellis,* supra (3b).

3. Whether the corporation had authority to exercise fiduciary responsibilities is not material. The trust here is implied by equity from the circumstances.

4. In our opinion the judgment of the trial court contains comprehensive findings of fact.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 12, 1976 — DECIDED MAY 5, 1976 — REHEARING DENIED JUNE 8, 1976.

*William J. Cooney,* for appellants.
*William O. Key,* for appellees.

